**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION**

| | |
|---|---|
| RHONDA PRICE- RICHARDSON | CIVIL COMPLAINT |
| Plaintiff, | |
| -v- | CASE NO. 1:17-cv-02038 |
| DCN HOLDINGS, INC. *dba* ACCOUNTSRECEIVABLE.COM | DEMAND FOR JURY TRIAL |
| Defendant. | |

**COMPLAINT FOR RELIEF PURSUANT
TO THE FAIR DEBT COLLECTION PRACTICES ACT**

Plaintiff, RHONDA PRICE-RICHARDSON, for her complaint against DCN HOLDINGS, INC. *dba* ACCOUNTSRECEIVABLE.COM ("Defendant"), states as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), stemming from Defendant's unlawful collection practices.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is therefore conferred upon this Court by 15 U.S.C § 1692 and 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as Defendant conducts business in the District of Maryland and the events and/or omissions giving rise to the claims made herein occurred within the District of Maryland.

**PARTIES**

4. Plaintiff, Rhonda Price-Richardson ("Plaintiff") is an adult natural person residing in Springdale, Maryland, and is a "consumer" as that term is defined by § 1692a(3).

5. Defendant, DCN Holdings, Inc. *dba* Accountsreceivable.com, is a Florida corporation in the business of collecting consumer debts on behalf of others within the State of Maryland and throughout the United States. As such, Defendant regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

6. Defendant identifies itself as a debt collector and "leader in the debt recovery industry."[1]

7. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA.

**FACTS SUPPORTING CAUSES OF ACTION**

8. Plaintiff sought treatment from Dr. Kalambayi Kabasela, D.D.S. ("Dr. Kabasela") for dental work. *See* Affidavit of Rhonda Price-Richardson, a copy of which is attached to this complaint as Exhibit A.

9. Due to her lack of dental insurance and limited income, Plaintiff was unable to pay Dr. Kabasela the outstanding balance (hereinafter referred to as "the subject debt"). *See* Exhibit A.

10. Upon information and belief, Dr. Kabasela sold, assigned and/or transferred the subject debt to Defendant for collection after Plaintiff's default.

11. On or around May 9, 2016, Defendant sent Plaintiff a collection correspondence seeking payment of the subject debt (the "Collection Letter"). *See* Collection Letter, a copy of which is attached to this complaint as Exhibit B.

12. The Collection Letter simply stated "RE: Dr. Kalambayi T. Kabasela," and listed a balance due of $4,525.00 in connection with account number 18232366. *See* Exhibit B.

---

[1] *See* http://accountsreceivable.com.

13. The Collection Letter stated: "Arrangements must be made immediately to avoid credit bureau reporting to the three major credit reporting agencies for up to seven years." *Id.*

14. As of the date of filing of the complaint, Defendant has not reported Plaintiff's account to the three major credit reporting agencies.

15. Nowhere does the Collection Letter state that it is from a debt collector. *Id.*

16. On or around November 8, 2016, concerned over the mention of credit reporting in the Collection Letter, Plaintiff called Defendant at (877) 832-2482 and spoke with a representative who identified herself as "Lisa." *See* Exhibit A.

17. Once Lisa was able to access Plaintiff's account information, she stated that the account was a "duplicate." Lisa then told Plaintiff that the account was "closed." Lisa then said that Defendant still had the account and was reviewing it for "possible action to move forward." *Id.*

18. At no time during the November 2016 phone call with Plaintiff did Defendant disclose that it was a debt collector attempting to collect a debt. *Id.*

19. Confused and concerned following the phone call with Defendant, Plaintiff consulted with her attorneys for clarification regarding her rights.

20. After a reasonable time to conduct discovery, Plaintiff believes she can prove that all actions taken by Defendant as described in this complaint were taken willfully, with either the desire to harm Plaintiff, with knowledge that its actions would very likely harm Plaintiff, and/or with knowledge that its actions were taken in violation of the law.

## DAMAGES

21. Plaintiff has been misled by Defendant's collection actions.

22. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to use unlawful methods in its attempts to collect the subject debt from her.

23. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will ultimately cause her unwarranted economic harm.

24. As a result of Defendant's conduct, Plaintiff was forced to hire counsel and her damages therefore include reasonable attorneys' fees incurred in prosecuting this claim.

25. As a result of Defendant's conduct, Plaintiff is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collection agencies from engaging in the unlawful collection activities as described herein.

## GROUNDS FOR RELIEF

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692e, e(5), e(10), e(11) and f

26. Plaintiff repeats and re-alleges paragraphs 1 through 25 as though fully set forth herein.

27. The FDCPA states, in relevant part:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (5) The threat to take any action that cannot legally be taken or that is not intended to be taken; (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer; (11) The failure to disclose in the initial communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector. . ." 15 U.S.C. §§ 1692e, e(5), e(10) and e(11).

> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

28. Defendant violated 15 U.S.C. §§ 1692e, e(5), e(10), e(11), and f in its communications with Plaintiff concerning the subject debt. First, the Collection Letter threatened imminent credit reporting of the subject debt if it was not paid. However, given the absence of the subject debt on Plaintiff's credit reports to date, it is clear that Defendant had no present intention of reporting the subject debt to the credit reporting agencies.

29. Defendant threatened credit reporting for the specific purpose of inducing immediate payment of the subject debt. As an experienced debt collector, Defendant knows that threats of credit reporting are alarming and taken particularly serious by consumers. Defendant intentionally attempted to coerce Plaintiff into settling the subject debt by threatening immediate negative reporting to the credit agencies, an action Defendant had no intention of taking.

30. Further, Defendant did not advise Plaintiff that it was acting in the capacity of a debt collector in either the Collection Letter or the subsequent phone call with Plaintiff. Defendant is mandated by the FDCPA to state that it is a debt collector in all communications with consumers and, as an experienced debt collection agency, Defendant knows that it is required to make this disclosure. Such a disclosure is all-the-more important in this instance because the name that Defendant uses in its collection activities, "Accounts Receivable," can easily be misinterpreted.

31. Defendant's communications with Plaintiff were misleading and gained an unfair advantage over her, as Plaintiff believed that she was dealing with an internal department of the original creditor.

32. Given that Defendant failed to advise that it was a debt collector on two (2) separate occasions, Plaintiff alleges that this is a systemic practice of Defendant.

33. As described in paragraphs 21 through 25 above, Plaintiff has been harmed and has suffered damages as a result of Defendant's unlawful collection activity as outlined herein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Rhonda Price-Richardson, respectfully requests that this Court enter judgment in her favor as follows:

A. Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act;

B. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

C. Awarding Plaintiff statutory damages in the amount of $1,000.00, as provided under 15 U.S.C. § 1692k(a)(2)(A);

D. Awarding Plaintiff the costs of this action and reasonable attorneys' fees, as provided under 15 U.S.C. § 1692k(a)(3); and

E. Awarding Plaintiff any other relief as this Court deems just and appropriate.

Dated: July 20, 2017                    Respectfully Submitted,

                                            */s/ Harry A. Suissa*____
Harry A. Suissa, Esq.
Admitted in the District of Maryland
LAW OFFICES OF HARRY A. SUISSA, P.C.
8720 Georgia Avenue, Suite 1010
Silver Spring, Maryland 20910
(301) 589-1600 (phone)
(301) 589-7752 (fax)
harry@suissalawyers.com
*Counsel for Plaintiff*

**JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial to a jury on all issues of fact.

                                            */s/ Harry A. Suissa*____
Harry A. Suissa, Esq.
LAW OFFICES OF HARRY A. SUISSA, P.C.