**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(BALTIMORE)**

| | | |
|---|---|---|
| RHONDA PRICE-RICHARDSON | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 1:17-cv-02038- MJG** |
| | ) | |
| DCN HOLDINGS, INC., d/b/a | ) | |
| ACCOUNTSRECEIVABLE.COM | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S**
**AMENDED COMPLAINT**

**I.    BACKGROUND**

On July 20, 2017, Plaintiff, Rhonda Price-Richardson ("Price-Richardson") filed a one count Complaint against Defendant DCN Holdings, Inc., d/b/a Accountsreceivable.com ("DCN") claiming damages under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), a consumer protection statute regulating the conduct of third parties collecting consumer debts.  The Plaintiff's Complaint was based on two communications:  (1) a May 9, 2016 collection letter from DCN to Mr. Price-Richardson (ECF No. 1, Complaint at ¶ 11) and (2) a telephone call <u>initiated by Plaintiff</u> to DCN on November 8, 2016 (Complaint, ¶ 16).

DCN moved to dismiss the Complaint (ECF No. 11), arguing that any claims relating to the May 9, 2016 letter were time barred under the FDCPA's one year statute limitations.  *See*, ECF No. 11-1 at Part IV.A.  DCN also argued that because Plaintiff's November 8, 2016 telephone call to DCN was not a communication "in connection with the collection of a debt," this communication was not actionable under 15 U.S.C. § 1692e.  *See*, ECF No. 11-1 at Part

IV.B.  DCN further argued that the information communicated to Ms. Price-Richardson during the telephone call was not, as a matter of law, an unfair or unconscionable collection practice prohibited by 15 U.S.C. § 1692f because claims premised on purported false and misleading statements subject to 15 U.S.C. § 1692e do not give rise to separate claims under 15 U.S.C. § 1692f.  *See*, ECF No. 11-1 at IV.C.

Plaintiff did not to oppose the Motion to Dismiss.  Instead, she filed an Amended Complaint (ECF No. 16) withdrawing her time barred claims.  *See*, ECF No. 16-3 at pgs. 6-7 (redline version of Amended Complaint withdrawing Paragraphs 28-30 of initial Complaint).  However, the Amended Complaint restates claims relating to the telephone call made by the Plaintiff and also adds a claim under 15 U.S.C. § 1692e(2)(a).

As explained below, even with the addition of a claim under 15 U.S.C. § 1692e(2)(a), Plaintiff's Amended Complaint is subject to dismissal.

## II.    FACTS RELATING TO THE AMENDED COMPLAINT

Plaintiff's Amended Complaint alleges facts relating to DCN's May 9, 2016 collection letter sent on behalf of a dentist who was not paid for dental services rendered to the Plaintiff (ECF No. 16 at ¶¶ 8-15).  In acknowledgement of the argument made by DCN that all claims relating to the collection letter are time barred, Plaintiff's First Amended Complaint does not assert any cause of action based on the collection letter.  Instead, the Amended Complaint focuses exclusively on the November 8, 2016 telephone call initiated by the Plaintiff (ECF No. 16, Amended Complaint at ¶ 16).[1]

Ms. Price-Richardson claims when she called DCN, its employee (Lisa) accessed her account, explained that the account was a "duplicate" and told her the account was "closed."  (¶ 17).  Plaintiff then alleges that Lisa told her that DCN still had the account and was reviewing it

---

[1] All further references to the Amended Complaint will be to paragraph number only.

for "possible action to move forward" (¶ 17) (emphasis added).  The Plaintiff also claims that Lisa did not disclose she was a debt collector.  Although Ms. Price-Richardson contends that Lisa "attempted to collect the subject debt from Plaintiff" (¶ 19), her sworn Affidavit accompanying her Amended Complaint (ECF No. 16-1) does not refer to any statement disclosing an amount owed to the dentist nor does Ms. Price-Richardson claim that Lisa asked for payment of the debt.

Nonetheless, Plaintiff complains that she was confused by Lisa's statements as to whether the account was closed or whether it would be reviewed for a "possible action."  She alleges that "it can reasonably be assumed that Defendant intended only to threaten Plaintiff by stating it was 'reviewing' the account."  (¶ 29).  Plaintiff further contends that "Defendant violated 15 U.S.C. § 1692e, e(10), e(11) and f during the phone call by failing to advise Plaintiff that it was acting in the capacity of a debt collector" (¶ 30) and that these communications "were misleading and gained an unfair advantage over [Plaintiff], as Plaintiff believed she was dealing with an internal department of the original creditor." (¶ 31).

## III.   THE FAIR DEBT COLLECTION PRACTICES ACT

In 1977 Congress passed the FDCPA for the purpose of eliminating abusive debt collection practices. 15 U.S.C. §1692(e).  There are three major regulatory components to the FDCPA. First, debt collectors are required to furnish initial written disclosures to debtors (15 U.S.C. §1692g) and must provide an additional disclosure in follow up communications. 15 U.S.C. §1692e(11). Second, the FDCPA limits a debt collector's communications with the debtor (15 U.S.C. §1692c) and/or with third parties (15 U.S.C. §1692b). The third major regulatory component addresses prohibited conduct. Collectors may not engage in conduct that harasses or abuses a debtor (15 U.S.C.

3

§1692d); collectors may not use false or misleading statements in connection with the collection of a debt (15 U.S.C. §1692e); and collectors may not engage in unfair collection practices (15 U.S.C. §1692f).  In this case, Plaintiff makes claims under § 1692e (false or misleading statements) and § 1692f (unfair practice).

## IV.     STANDARD OF REVIEW

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007), the Supreme Court addressed the requirements needed to state a claim for relief and avoid dismissal under Federal Rules of Civil Procedure, Rule 12(b)(6).  The Court explained that while a complaint need not contain detailed factual allegations, a plaintiff is required to provide more than labels and conclusions and neither a "bare averment that he wants relief and is entitled to it," nor "a formulaic recitation of the elements of a cause of action" will suffice.  *Id*. at 555.  Instead, a plaintiff must make factual allegations that create more than a suspicion of a legally cognizable cause of action.  Further, the factual allegations must move beyond the mere possibility of the existence of a cause of action to establish a plausibility of entitlement to relief.  *Id*. at 557-558.

The Supreme Court reiterated *Twombly's* requirement that to survive a motion to dismiss "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct 1937, 1949 (2009) (citations omitted). "[T]he pleading standard [that] Rule 8 announces . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* The *Iqbal* Court further explained that a court need not accept legal conclusions couched as factual recitations as true and that determining whether a complaint states a plausible claim for relief is a context specific task requiring the reviewing court to draw on its judicial experience and common sense.  *Id*.

Where a complaint contains "contradictory factual allegations, the Court cannot find a claim with 'facial plausibility' under the standards as set forth in *Iqbal.*" *Saravia v. Select Portfolio Servicing, Inc.,* 2014 WL 2865798, at *7 (D.Md. June 23, 2014); *see also, Ramos v. Bank of Am., N.A.,* 2012 WL 5928732, at *4 (D.Md. Nov. 26, 2012) ("[W]hen a complaint contains inconsistent and self-contradictory statements, it fails to state a claim.") (citations omitted) and *Solomon v. Capital One Bank USA*, 2014 WL 7336694, at *4 (D. Md. Dec. 19, 2014) ("The Court is therefore not required to construe contradictory allegation[s] in the light most favorable to Plaintiff').

In reviewing a Rule 12(b)(6) dismissal, a court may "may also consider documents attached to the complaint, *see* Fed.R.Civ.P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic."  *Philips v. Pitt County Memorial Hosp.*, 572 F.3d 176, 180 (4th Cir.  2009).

## V.     ARGUMENT

### A.     Plaintiff's 15 U.S.C. §1692e Claims Fail Because The Telephone Call Made By The Plaintiff Was Not A Communication "In Connection With The Collection Of A Debt"

15 U.S.C. §1692e applies only to statements made "in connection with the collection of any debt."   "Determining whether a communication constitutes an attempt to collect a debt is a 'commonsense inquiry' that evaluates the 'nature of the parties' relationship,' the '[objective] purpose and context of the communication [ ],' and <u>whether the communication includes a demand for payment</u>."  *In re Dubois*, 834 F.3d 522, 527 (4th Cir. 2016), *cert. denied sub nom. Dubois v. Atlas Acquisitions, LLC*, 137 S. Ct. 2158 (2017), *quoting Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 385 (7th Cir. 2010) (emphasis added).

Here, although the relationship between the parties was based on a debt, the purpose and context of the telephone call, when considered in light of the absence of any demand for payment demonstrate that the call made by the Plaintiff did not concern an effort to collect a debt. Plaintiff's affidavit concedes that DCN did not claim any sum was due, did not demand payment, and did not ask for payment of the debt during the telephone call.  It is therefore clear, as a matter of law, that the purpose of the call was not the collection of a debt, but instead was to respond to Plaintiff's question about the May, 2016 collection letter.[2]  This communication is therefore not subject to the FDCPA.  *See, Chaudhry v. Gallerizzo*, 174 F.3d 394, 410 (4th Cir. 1999) (letter providing pay-off figures sent at request of debtor not an act to collect a debt), *Grden v. Leikin Ingbe & Winters PC,*  643 F.3d 169, 173 (6th Cir. 2011) (statement regarding the balance due on the debt was only made after the Plaintiff requested the information, holding the statements "were merely a ministerial response to a debtor inquiry, rather than part of a strategy to make payment more likely" and therefore not subject to the FDCPA) and *Bailey v. Security Nat. Servicing Corp.,* 154 F.3d 384, 388-89 (7th Cir. 1998) (letter that did not demand payment, but advised debtor about current status of an account was not made in connection with the collection of a debt).

Because the telephone call was initiated by the Plaintiff and because there was no attempt to collect the debt during the call, all of Plaintiff's claims under § 1692e and its subparts should be dismissed.

Further, as explained below, even if the call is deemed a communication in connection with the collection of a debt, DCN did not violate 15 U.S.C. § 1692e or any of its subparts.

---

[2] Ms. Price-Richardson does not explain why she waited six (6) months to ask about credit reporting, particularly where she concedes that DCN did not report her debt.  (¶ 14).

**B.** **Even If The Telephone Call Could Be Interpreted As Made In Connection With The Collection Of A Debt, The Complaint Nonetheless Fails To State A Claim Under 15 U.S.C. §1692e Or Its Subparts**

       1.    <u>Nothing That DCN's Agent Said To The Plaintiff Related To The "Character, Amount Or Legal Status Of Any Debt."</u>

Plaintiff claims that DCN made a false representation as to the "character, amount, or legal status of (the) debt" in violation of 15 U.S.C. § 1692e(2)(a).  The entire conversation of November 8 is set out in the last two sentences of Plaintiff's affidavit.[3]

Nothing that Lisa told Ms. Price-Richardson related to the "character of the debt," e.g., whether the debt was a secured or unsecured obligation, whether the debt was an open end or closed end loan or whether the debt was for services rendered. *See, e.g., In re Bailey*, 202 B.R. 317, 319 (Bankr. E.D.Pa. 1995) (referring to the "character" of a debt as the attributes of the obligation made when incurred).  Additionally, Plaintiff's sworn version of the conversation excludes any plausible claim that Lisa made a representation as to the "amount" of the debt.  Likewise, Lisa made no statement regarding the "legal status" of the debt, i.e., whether the debt was subject to legal action, was presently in suit or was subject to a judgment.

Because Plaintiff's sworn description of the statements made by Lisa do not include any representation as to the "character, amount or legal status of the debt," Plaintiff's claims under 15 U.S.C. § 1692e(2)(A) fail.

       2.    <u>Plaintiff's Complaint Does Not State A Claim Under 15 U.S.C. §1692e(5)</u>

15 U.S.C. §1692e(5) prohibits a debt collector from making "a threat to take any action that cannot legally be taken or that is not intended to be taken."  Plaintiff's Amended Complaint

---

[3] Plaintiff has referred to the affidavit and incorporated it by reference in her Complaint.  Even though affidavit does not comply with 28 U.S.C. § 1746, the statements made therein comprise the pertinent factual allegations in Plaintiff's Complaint, regardless of whether they were sworn to under oath.

does not plausibly allege any threat made by DCN in the telephone call. To the extent the statement that DCN was reviewing the account for "possible action to move forward," could be deemed a "threat," this claim fails. First, Plaintiff has not and cannot in good faith allege that reviewing an account for possible future action is illegal. Second, Plaintiff's allegation that Defendant threatened her by claiming it was "reviewing" the account for possible action but in fact did not intend to take such action, this claim does not state a cause of action under § 1692e(5) because nothing in the statement threatens further action, only that the account would be reviewed for <u>possible</u> action.

3.      Plaintiff's Complaint Does Not State A Claim Under 15 U.S.C. §1692e or e(10)

15 U.S.C. §1692e and e(10) each prohibit the use of false, deceptive or misleading representations or means to collect a debt. Plaintiff's Complaint is devoid of any allegation that anything DCN's representative said anything during the telephone call was false. Because there was nothing in the telephone call that was deceptive or misleading to the least sophisticated consumer, these claims must be dismissed.

4.      Plaintiff's Complaint Does Not State a Claim under 15 U.S.C. §1692e(11)

Plaintiff alleges that Defendant violated 15 U.S.C. § 1692e(11) because DCN did not disclose it was a debt collector when Ms. Price-Richardson called DCN on November 8, 2016. Courts hold that when a consumer initiates a call, the §1692e(11) disclosure is unnecessary. *See, e.g., Nichols v. Wash. Mutual Bank,* 2007 WL 4198252, at *4–5 (E.D.N.Y. Nov. 21, 2007) (finding "persuasive" that "the FDCPA was intended to protect consumers from communications initiated by debt collectors, not consumers"); *Gorham-Dimaggio v. Countrywide Home Loans, Inc.*, 2005 WL 2098068, at *2 (N.D.N.Y. Aug. 30, 2005) ("Indeed, when the consumer initiates the communications, many of the policy reasons behind the FDCPA disappear") and *Hinds v. AR*

*Res., Inc.,* 2013 WL 1811322, at \*3 (D. Minn. Apr. 30, 2013) ("Moreover, the Court points out that Plaintiff initiated the phone call, further bolstering the conclusion that even an unsophisticated consumer would understand that he was speaking with a debt collector").

Plaintiff's Amended Complaint and supporting affidavit also refer to DCN's collection letter. Her contradictory allegation that she believed that she was dealing with the original creditor cannot plausibly support the conclusion that she did not know she was dealing with a debt collector. *See, Baptiste v. Capital One Bank (USA), N.A.*, 2012 WL 1657207, at \*3 (D. Md. May 10, 2012). (Plaintiff's allegation that defendant "failed to disclose that the firm was attempting to collect a debt is implausible in light of her factual allegation that the written communication from the firm was "seeking and demanding payment of a ... debt.")  Moreover, the letter that generated Plaintiff's call to DCN unmistakably advised her that DCN was a debt collector:  ("This is an attempt to collect a debt. Any information obtained will be used for that purpose").  *See, Sayyed v. Wolpoff & Abramson, LLP*, 733 F.Supp.2d 635, 641 (D. Md. 2010) (finding that the phrase "Attorneys in the Practice of Debt Collection" "was clearly sufficient to comply with the requirements of §1692e(11)") and *Volden v. Innovative Fin. Sys., Inc.,* 440 F.3d 947, 955 (8th Cir. 2006) ("Though the letter does not say it is from a debt collector, the fact that it says it is sent in an attempt to collect a debt is sufficient for even the unsophisticated consumer to understand that such a letter is necessarily from a 'debt collector.'")

As a matter of law, Plaintiff knew that she was calling a debt collector when she called DCN, and the alleged failure to state DCN was a debt collector does not support a claim under 15 U.S.C. §1692e(11).

**C.      Plaintiff's Claim Under 15 U.S.C. §1692f, Premised On The Same Conduct Addressed In Her 15 U.S.C. §1692e Claims, Are Subject To Dismissal**

Plaintiff alleges that Defendant also violated 15 U.S.C. §1692f which prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect a debt." This claim is premised on the same conduct alleged to be in violation of 15 U.S.C. §1692e, e(2), e(5), e(10) and e(11).

"[C]ourts use § 1692f to punish conduct that FDCPA does not (otherwise) specifically cover." *Lembach v. Bierman,* 528 F. App'x 297, 304 (4th Cir. 2013).  Where a plaintiff relies "on conduct that is covered by § 1692e and do[es] not allege any separate or distinct conduct to support a § 1692f violation, their claim fails."  *Id.* Because Plaintiff asserts that Defendant is liable under § 1692f based solely on the same conduct Plaintiff also claims violates § 1692e and its subparts, her claim under § 1692f should be dismissed.

**III.    CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that Plaintiff's Complaint be dismissed in its entirety.

THE LAW OFFICES OF RONALD S. CANTER, LLC


/s/ Ronald S. Canter
Ronald S. Canter, Esquire, #1024
Birgit D. Stuart, Esquire, #17420
200A Monroe Street, Suite 104
Rockville, Maryland 20850
Telephone:  (301) 424-7490
Facsimile:   (301) 424-7470
E-Mail:  bstuart@roncanterllc.com
E-Mail:  rcanter@roncanterllc.com
*Attorneys for Defendant DCN Holdings, Inc., d/b/a Accountsreceivable.com*

10

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing was served upon the individual(s) listed below by Electronic Notification pursuant to ECF procedures this 21st day of November, 2017 to:

> Geoffrey B. McCarrell, Esq.
> Consumer Law Partners, LLC
> 435 N. Michigan Ave., Suite 1609
> Chicago, IL 60611
> Email: geoff.m@consumerlawpartners.com
>
>
> Harry A Suissa, Esq.
> Harry A Suissa, P.C.
> 8720 Georgia Avenue, Suite 1010
> Silver Spring, MD 20910
> Email: harry@suissalawyers.com
> *Attorneys for Plaintiff*
>
>
> /s/ Ronald S. Canter
> Ronald S. Canter, Esquire
> *Attorney for Defendant*

11